J-S18029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL LONG | : | |
| | : | |
| Appellant | : | No. 2438 EDA 2022 |

Appeal from the PCRA Order Entered August 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000631-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL LONG | : | |
| | : | |
| Appellant | : | No. 2439 EDA 2022 |

Appeal from the PCRA Order Entered August 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000632-2018

BEFORE: PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 22, 2022**

Appellant, Darnell Long, appeals from the August 17, 2022 order which

dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

---

[*] Former Justice specially assigned to the Superior Court.

42 Pa.C.S. §§ 9541-46. Counsel for Appellant has filed a **Turner**/**Finley**[1] no-merit brief and a petition to withdraw as counsel.[2] After review, we grant counsel's request to withdraw and affirm the order dismissing Appellant's petition.

The relevant factual and procedural history is as follows. On November 5, 2017, longtime friends Lynnelle Gaffney, Steffon Wilburn, and Appellant were hanging out, drinking alcohol, and smoking marijuana at a residence located at 436 West Wyoming Avenue in Philadelphia. The three retreated to a bedroom where Gaffney witnessed Appellant spontaneously shoot Wilburn in the leg multiple times with a gun that was wrapped in a hooded sweatshirt. Appellant then began walking toward Gaffney and proceeded to fire three or four shots at her, one of which struck her in the left chest. Appellant subsequently fled the scene.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant's counsel purports to withdraw under **Anders v. California**, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as is the case here, the dictates of **Turner** and **Finley** are applicable. **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under **Anders**, but under **Turner** and **Finley**). Because an **Anders** brief provides greater protection to a defendant, however, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** "no merit" letter. **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We will refer to counsel's erroneously titled **Anders** brief as a **Turner/Finley** brief.

When police and medical personnel responded to the incident, both Wilburn and Gaffney named Appellant as the shooter. Once they arrived at the Einstein Hospital, however, both victims said that they could not identify the shooter. Hospital personnel treated both victims for gunshot wounds and subsequently released them.

When police examined the bedroom where the shooting occurred, they recovered a bullet from inside a wall, as well as other evidence. They also observed a small amount of blood on the floor and a bullet hole in a wall. Based on the evidence collected by police and the information received from Gaffney and Wilburn, police secured a warrant and arrested Appellant on November 16, 2017.

On September 25, 2018, a jury convicted Appellant of Possessing an Instrument of Crime[3] ("PIC") but acquitted Appellant of three counts of Aggravated Assault. Directly thereafter, the trial court conducted a bifurcated stipulated trial, and convicted Appellant of a violation of the Uniform Firearms Act, specifically Persons Not to Possess Firearms pursuant to Section 6105 ("VUFA § 6105").[4] On February 1, 2019, the court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration.[5]

_____

[3] 18 Pa.C.S. § 907.

[4] 18 Pa.C.S. § 6105(a)(1).

[5] Specifically, the trial court sentenced Appellant to 10 to 20 years' incarceration on the charge of VUFA § 6105 and no further penalty for the PIC conviction.

- 3 -

On December 3, 2020, this Court affirmed Appellant's judgment of sentence and on July 7, 2021, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Long*, 245 A.3d 1043 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 258 A.3d 410 (Pa. 2021).

Appellant filed a timely *pro se* PCRA petition raising ineffective assistance of counsel claims and, on April 22, 2022, the PCRA court appointed William Ciancaglini, Esq. to represent Appellant. On May 22, Attorney Ciancaglini filed a *Turner*/*Finley* no-merit letter averring that Appellant's claims were not meritorious. On July 25, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing. The court subsequently dismissed Appellant's petition and permitted Attorney Ciancaglini to withdraw as counsel.

On September 15, 2022, Appellant filed a *pro se* notice of appeal.[6] October 3, 2022, the PCRA court appointed James Lloyd, Esquire, to represent

---

[6] Upon review, the docket reflects that the PCRA court entered an order dismissing Appellant's petition on August 12, 2022, and then entered another order to that effect on August 17, 2022. Both docket entries fail to indicate whether the clerk of courts served the dismissal orders on parties pursuant to Pa.R.Crim.P. 114. Appellant filed his notice of appeal on September 15, 2022, purporting to appeal from the August 17, 2022 dismissal. The Commonwealth argues that the PCRA court actually dismissed Appellant's petition on August 12, 2022, and, therefore, Appellant's appeal—filed 34 days later—is untimely. We are unable to resolve this discrepancy from our review of the record and are constrained to conclude that a breakdown in court operations occurred. Accordingly, we find Appellant's appeal to be timely. *See Commonwealth v. Braykovich*, 664 A.2d 133, 136 (Pa. Super. 1995) (extension of filing

*(Footnote Continued Next Page)*

Appellant in this appeal. Attorney Lloyd filed a Notice of Intent to File an *Anders*/*McClendon* Brief Pursuant to Pa.R.A.P. 1925(c)(4) in Lieu of a Statement of Matters Complained of on Appeal. The PCRA court did not file a responsive opinion. Attorney Lloyd proceeded to file a *Turner*/*Finley* brief with this Court.[7]

In his *Turner*/*Finley* brief, counsel raises the following issues for our review: "Did the PCRA court err when it dismissed [Appellant]'s PCRA petition without a hearing as not raising a meritorious claim under the PCRA?" *Turner*/*Finley* Br. at 5.

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal on collateral appeal. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009), *abrogated on other grounds by Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). Counsel is then required to submit a "no merit" brief (1) detailing the nature and extent of her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Pitts*, 981 A.2d at 876 n.1. The Court then conducts its own independent review of the record to determine if the petition

_____

period is permitted only in extraordinary circumstances, such as fraud or some breakdown in court operations).

[7] Appellant filed a *pro se* response, raising the same issues that he raised in his *pro se* PCRA petition.

is meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record indicates that counsel has complied with each of the above requirements. In addition, counsel sent Appellant copes of the *Turner*/*Finley* brief and petition to withdraw, and advised Appellant of his rights in lieu of representation. *See Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011). Since counsel has complied with the *Turner*/*Finley* requirements, we now proceed with our independent review of the record and the merits of Appellant's claims.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but-for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

Finally, "[t]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Holt*, 175 A.3d 1014, 1017-18 (Pa. Super. 2017) (citations omitted). "To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him

- 7 -

to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.*

Instantly, Appellant avers that his trial counsel was ineffective during his VUFA § 6015 bench trial. Specifically, Appellant asserts that counsel was ineffective when counsel failed to: (1) object to Appellant being tried without a jury; (2) present a justification defense during the bench trial; (3) argue that evidence of VUFA § 6105 was insufficient; (4) call Appellant as a witness during the bench trial; and (5) call Appellant's sister as a witness during the bench trial. *Turner*/*Finley* Br. at 28-29, 38.

Appellant's claim that trial counsel was ineffective for failing to object to a jury waiver trial lacks arguable merit. Prior to the bench trial, on September 27, 2018, Appellant executed a written jury waiver colloquy comprised of thirty-nine questions concerning his knowledge and comprehension of the right to a jury trial that he was waiving. Written Jury Trial Waiver Colloquy, 9/27/18. Appellant answered each question and initialed each page, verifying that he understood. *Id.* A written jury waiver that is signed, presented, and accepted in open court is *prima facie* evidence of a valid waiver of jury trial rights. *Commonwealth v. Mallory*, 941 A.2d 686, 697 (Pa. 2008). Accordingly, trial counsel would have no reason to object and this claim lacks arguable merit.

Moreover, the PCRA court found that that trial counsel had a reasonable basis for not pursuing a jury trial on the VUFA § 6105 charge. In its Rule 907 notice to dismiss, the PCRA court explained: [t]his is a common strategy for

trial counsel, because they find it may harm [a] defendant to have a list of bad acts presented to the jury. In order to be [ineligible to carry a firearm under Section 6015], there must be some previous bad acts to make [a defendant] ineligible. Many trial attorneys do not want these acts to prejudice a jury." Rule 907 Notice, 7/25/22, at ¶ 4. We agree that trial counsel had a reasonable basis for failing to pursue a jury trial and, therefore, Appellant failed to plead and prove this claim.

Appellant next avers that trial counsel was ineffective for failing to raise a claim that the evidence was insufficient to support the VUFA § 6105, "since no evidence was presented at the waiver trial." PCRA Pet., 4/5/22, at 4. Our review of the record belies Appellant's claim.

To sustain a conviction under Section 6015, the Commonwealth had to demonstrate that Appellant possessed a firearm and had a previous conviction for one of the enumerated offenses in the statute, including offenses under The Controlled Substance, Drug, Device, and Cosmetic Act. 18 Pa.C.S. § 6015(a)(1) and (c)(2). The Commonwealth submitted evidence that Appellant possessed a firearm during the jury portion of his trial, and the jury found him guilty of PIC—namely possessing a firearm. During the waiver trial, the Commonwealth submitted evidence that Appellant had a prior conviction for Possession with Intent to Deliver. N.T. Trial, 9/27/18, at Exhibit C-36. Because the jury previously found Appellant guilty of possessing a firearm and the Commonwealth presented evidence of Appellant's prior conviction, trial

counsel lacked an arguable basis to raise a challenge to the sufficiency of the evidence.

In his next issue, Appellant avers that trial counsel was ineffective for failing to present a justification defense during the bench trial. This claim lacks arguable merit. The PCRA court found that Appellant failed to present any evidence of self-defense in his jury trial, where the jury found him guilty of PIC for the same firearm that was at issue in the bench trial. Rule 907 Notice at ¶ 4. Absent any evidence to support a claim of self-defense, Appellant's claim lacks arguable merit.

Finally, Appellant avers that trial counsel was ineffective for failing to call Appellant and Appellant's sister as witnesses during the waiver trial to testify regarding a justification defense.

"To prove arguable merit based on trial counsel's failure to call a witness, a PCRA petitioner must show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice." *Commonwealth v. Robinson*, 278 A.3d 336, 343 (Pa. Super. 2022) (citation and internal quotation marks omitted). "In this context, prejudice means that the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Id.* (citation and internal quotation marks omitted).

During the jury trial, the court colloqued Appellant and asked if he wished to testify; Appellant stated under oath that he did not wish to testify

- 10 -

on his own behalf. N.T. Trial at 43-46. Appellant also advised the court that the only witness he wished to present was his sister, but that she was not available to testify that day. *Id.* The record reflects that Appellant was not willing to testify and his sister was not available to testify. Accordingly, Appellant's claims lack arguable merit.

In conclusion, the PCRA court's decision to deny PCRA relief is supported by the evidence of record and free of legal error. Accordingly, Appellant's claim merits no relief. We, thus, grant counsel's petition to withdraw as counsel and affirm the PCRA court's order.

Order affirmed. Application to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2023

- 11 -